179 So. 441

KNOTT v. HIMEL, Sheriff and Tax Collector.

No. 34693.

Feb. 7, 1938.

Rehearing Denied March 7, 1938.

Arthur C. Watson, of Natchitoches, for relator.

John G. Gibbs, of Natchitoches, for respondent.

PONDER, Justice.

The relator seeks mandamus directing the judge of the district court to annul and vacate a purported order of judicial injunction and prohibition ordering the judge of the district court from interfering with the execution of relator's judgment.

We will only state the facts pertinent to a decision of this case. On July 24, 1937, Mrs. Edna Olive Knott instituted injunction proceedings to enjoin the relator, O. F. Himel, and the sheriff and tax collector of Natchitoches parish, from selling a cer-

tain tract of land and improvements under a fi. fa. issued under a judgment in the suit of W. C. Pattison v. O. J. Knott, No. 22,-567, in the parish of Natchitoches, which judgment had been transferred from W. C. Pattison to the relator, O. F. Himel. The petition of Mrs. Edna Olive Knott applying for an injunction among other allegations alleged that the property was her separate and paraphernal property, and that O. F. Himel was not the owner of the judgment. On July 24, 1937, the lower court issued a temporary restraining order. The relator filed a motion to dissolve the injunction, exceptions of no right and no cause of action to the plaintiff's petition, and an answer to plaintiff's petition. The court issued a rule to show why a preliminary injunction should not issue. On October 5, 1937, the exception of no cause of action was sustained with leave to the plaintiff to amend the petition within five days, and the rule for the issuance of a preliminary injunction was held open until the amendment was made. On November 30, 1937, the court ordered the amended petition filed, the exception of no cause of action was tried and sustained, and the court denied the injunction. Thereupon, the court ex proprio motu ordered a judicial injunction to issue enjoining the sheriff and relator, O. F. Himel, from further proceeding with the sale of the property involved' until further order of the court. The defendant, the relator herein, applied to this court for the writs of certiorari, prohibition, and mandamus. A certiorari was granted and a rule nisi issued. The rule is now submitted for our determination.

The relator contends that the lower court, having sustained the exception of no cause of action and denied the injunction, was without authority to issue an injunction on its own motion, and that there was nothing upon which the lower court could predicate the order of injunction.

Upon examination of the record, we find that the purported judicial injunction was issued without bond and after the plaintiff had been denied injunction and the exception of no cause of action to plaintiff's petition had been sustained. We know of no authority, and none has been cited by the respondents, that authorizes a trial judge after refusing an injunction and sustaining an exception of no cause of action to plaintiff's petition to issue an injunction of his own motion. The respondent contends that because of the discretion vested in the trial judge under Act No. 29 of 1924, the trial judge had authority to issue the injunction. The respondent does not point out what part of Act No. 29 of 1924 gives the trial judge this authority. If this contention were correct, the part of the act which provides that no suspensive appeal is allowed from a judgment refusing or dissolving an injunction would be of no effect. If the trial court had the authority to issue such an injunction and the respondent took a devolutive appeal, it would have the effect of granting to the respondent a suspensive appeal which is denied respondent by the provisions of the act. In fact it would set at nought that part of the act which provides that a suspensive appeal is not allowed from a judgment refusing an

injunction. The remedy provided for by the act is by way of devolutive appeal.

For the reasons assigned, the rule is made absolute, and the writs of mandamus and prohibition are made peremptory. The injunction issued herein is recalled and set aside. All costs of this proceeding are to be paid by the respondent, Mrs. Olive Knott.